## BEARDSLEY v. GAYLORD et al.

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

EVIDENCE—PAROL AGREEMENT AS TO ASSIGNMENT OF MORTGAGE.

> On the question of whether a mortgage assignment, absolute in terms, from L. to plaintiff, was in fact absolute, or was taken by plaintiff to secure such money as he should advance to defendant from time to time, there was in evidence a writing, signed by defendant, in which it was recited that the mortgage of defendant to L. had been assigned to plaintiff, "at my request," that plaintiff had advanced certain sums of money on account of said assignment, and that as security therefor plaintiff holds said mortgage. *Held*, that the writing did not prevent defendant's showing by parol the intent of the parties in making the assignment.

Appeal from circuit court, Cayuga county.

Action by Nelson Beardsley against Arthur M. Gaylord and another. Defendants had judgment, and plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*James R. Cox*, for appellant. *F. D. Wright*, for respondents.

MACOMBER, J. This action was brought upon a bond given by the defendants for the sum of $1,000, April 6, 1880. The defense interposed was payment. Upon the trial at the circuit the jury rendered a verdict in favor of the defendants on that issue. As the case comes up on a bill of exceptions only, and not upon the facts, the evidence being only in part returned, this verdict must be deemed to be conclusive as between the parties, unless a supposed error, committed by the court at the trial, and now relied upon by the learned counsel for the plaintiff, is fatal to it. This plea of payment was made out through somewhat complicated transactions, all of which it is not, perhaps, necessary to rehearse. But it appears that the defendant Arthur M. Gaylord bought some real estate in Union Springs, known as the "Foundry Property," from one Henry H. Lewis, and as part of the consideration for such purchase he executed and delivered to Lewis a bond and mortgage in the sum of $4,784. Being about to take into partnership certain persons, it was arranged that Gaylord should convey the property to two of such persons by the name of Howes, and take back from them a purchase-money mortgage in the sum of $5,000, which, of course, would be a second mortgage, and in-

ferior as a security to that held by Lewis. The deed and the bond and mort-
gage were duly executed. It was then further agreed that Gaylord should:
raise money on the $5,000 mortgage for a working capital of the new copart-
nership. In such condition of affairs, Gaylord applied to the plaintiff for a
loan upon the second mortgage. The plaintiff refused to make such loan, be-
cause the mortgage was a second mortgage. It was then agreed that Lewis.
should make an assignment to the plaintiff of the $4,784 mortgage, which
bore date the 27th day of August, 1884, and that he should take in exchange
therefor the $5,000 mortgage, the payment of which was to be guarantied by
one of the copartners of Gaylord by the name of Chamberlain. A payment
of $800 in cash was made to Lewis in this transaction. The plaintiff finally
accepted an assignment, which was absolute in terms, of this $4,784 mort-
gage, and paid to the defendant Gaylord, at the time of such assignment, the
sum of $900. The sole question upon the trial was whether this assignment,
which was absolute in its terms, was in fact absolute, or whether it was taken
to secure such moneys as the plaintiff should see fit to advance to Gaylord
from time to time. Upon this question the verdict of the jury was rendered
for the defendants. But it is claimed by the learned counsel for the appellant
that the oral evidence of such transaction upon which the verdict was ren-
dered was inadmissible, because it was in conflict with a statement in writ-
ing, put in evidence, signed by the defendant Arthur M. Gaylord. That
writing is as follows: "Mortgage of Arthur M. Gaylord to H. H. Lewis, to
secure payment of $4,784 and interest, has been assigned to N. Beardsley at
my request. Mr. Beardsley has advanced money on account of said assign-
ment as follows: September 18, 1884, $900; and October 7, 1884, $350; and
also October 29, 1884, $250; and he also holds a mortgage for one thousand
dollars and interest from the first of April, 1884, made by said Gaylord and
wife; making $2,500, principal and interest, on both sums from above dates;
and as security therefor said Beardsley holds said mortgage dated October 29,
1884. [Signed] ARTHUR M. GAYLORD." It is argued by the learned coun-
sel for the appellant that this paper writing is conclusive against the defend-
ant, and that no oral testimony was admissible to vary its terms. But it
seems to us, however, that the paper is not a contract in any respect; nor did
it induce any action on the part of the plaintiff which the defendant should
not be permitted to repudiate. It is a mere statement in writing of certain
facts, which it is not contended by the plaintiff existed in the transactions be-
tween the parties. This paper was laid before the jury in a charge of much
care, and under evidence which, as it seems to us, was competent. We think
that the evidence of the defendant that the paper was not read over to him,
but was stated to be a mere receipt, was competent, under the circumstances,
for the simple reason that it was not in fact, nor did it purport to be, a con-
tract between the parties. It did not form, and could not have formed, any
issue presented by the pleadings. For this reason we think that the evidence
complained of was admissible, and that the judgment entered upon the ver-
dict should be affirmed. Judgment appealed from affirmed. All concur.