Judgment of the county court of Cattaraugus county reversed, and that of the justice affirmed, with costs of the two appeals to the defendants. All concur.

---

GAYLORD v. BEARDSLEY.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

PLEADING—AMENDMENT—FACTS SUBSEQUENTLY ARISING.

    Plaintiff's action was founded on a claim made by his assignor, G., that a mortgage assigned to defendant, B., was held for G.'s benefit under an agreement that defendant should pay G. the face value thereof. In another action, by B. against G., the latter claimed that B. held the mortgage in question absolutely, and was required to account for the whole thereof to G., while B. contended that he held the mortgage only as collateral, and that he was not liable to account for the face thereof to G., and judgment was adverse to B. on that issue. Held, that defendant could amend his answer after issue joined so as to avail himself of the effect of the judgment subsequently entered in the other action.

Appeal from special term, Monroe county.

Action by Eleanor D. Gaylord, administratrix of Anna C. Bradburn, against Nelson Beardsley. From an order denying defendant's motion for leave to renew, and, if granted to renew, his motion to amend his answer, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

J. R. Cox, for appellant.

Frank D. Wright, for respondent.

MACOMBER, J. When this case was before us upon a former appeal (see 19 N. Y. Supp. 548) by the plaintiff from an order permitting

the defendant to amend his answer, we thought the order appealed from could not be sustained, because it provided that the defendant might amend his answer in any manner in which he should be advised. The case now comes before us in a different aspect. The action was originally brought by Anna C. Bradburn, now deceased, upon an assignment of a claim made to her by one Arthur M. Gaylord. The case was revived and continued in the name of Eleanor D. Gaylord, administratrix of Anna C. Bradburn, deceased. The action is founded upon a claim made by Arthur M. Gaylord that a certain mortgage of $4,784, which was assigned by one Lewis to the defendant, was taken and held by the defendant, for the benefit of Arthur M. Gaylord, under agreement that the defendant should pay Gaylord the entire amount of the face thereof. Arthur M. Gaylord had bought real estate in Union Springs from one Henry H. Lewis, and, as a part of the consideration for such purchase, he executed and delivered to Lewis a bond and mortgage in the sum of $4,784. Under a contrivance not necessary now to state fully, this bond and mortgage were assigned to the defendant by Lewis. In an action upon a certain bond of $1,000, wherein Nelson Beardsley was plaintiff and Arthur M. Gaylord and another were defendants, it was claimed by the defendants therein that Nelson Beardsley held this $4,784 mortgage absolutely, and that he was obliged to account for it, and to pay over the whole thereof. That action, at the circuit, resulted in a verdict for Gaylord on that issue, and judgment was accordingly entered, which was affirmed by this court in October last. 20 N. Y. Supp. 349. In that action it was contended by Nelson Beardsley that the assignment of the $4,784 mortgage was only collateral to him for certain purposes, and that consequently no liability to account or pay over the face thereof to Gaylord, or any one else, could exist. The judgment being adverse to Mr. Beardsley upon that issue, he now, if we understand his counsel aright, attempts to avail himself, in substance, of the effect of such verdict and judgment upon this action. We think, on the whole, that he is entitled to such relief. The proposed amendment to the answer is as follows:

"And for a further answer and defense this defendant further says that said assignment by said Lewis to him of said bond and mortgage so executed by said Gaylord to said Lewis was in fact absolute and unqualified, although understood by defendant at the time to be by way of pledge for certain temporary loans, as hereinbefore set forth, so that this defendant, by virtue thereof, became the lawful holder and owner thereof from that time to the present; that by the terms thereof said Gaylord bound himself to pay said $4,784 and interest in annual payments of five hundred dollars each, beginning April 1, 1884, with interest half yearly, on the 1st of April and October, on all unpaid; that no payment of either principal or interest was ever made upon said bond and mortgage, and defendant, as aforesaid, duly and regularly foreclosed the same by advertisement," etc.

Thence follow suitable allegations of the regularity of, and the amount realized upon, such sale, and other matters germane to this litigation. From this it is properly claimed that the defendant is entitled to an equitable set-off of the deficiency arising upon such sale against the claim so assigned by Gaylord to Anna C. Bradburn. If there be any inconsistency between the present proposed amendment and the original answer interposed by the defendant, such inconsistency resulted

through the adverse verdict and judgment in the case of Beardsley v. Gaylord, above referred to. We do not think that this is any obstacle to the allowance of the proposed amendment. It follows that the order appealed from should be reversed.

Order appealed from reversed, with $10 costs and disbursements of the appeal, and the motion granted on payment of $10 costs by the defendant. All concur.